UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14034-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

JOSHUA YOUNG,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Joshua YOUNG (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Count Five of the Indictment, which count charges the defendant with trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a)(1).

2. This Office agrees to seek dismissal of Counts One through Four of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $2,000,000, and may order forfeiture.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, the Defendant agrees to pay any restitution ordered by the Court, and that the restitution amount shall include defendant's total offense conduct. The

2

parties agree that restitution is not limited to Count Five of the Indictment, the offense of conviction in this case. The defendant agrees to pay restitution to any victims identifiable prior to the imposition of sentence, even if not listed in the Indictment, which represents the full amount of those victims' losses.

7. The defendant further agrees to forfeit to the United States voluntarily and immediately all articles, the making or trafficking of which, is prohibited under Title 18, United States Code, Section 2320, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense. These articles include, but are not limited to:

   a. 2318 key fobs bearing Ford marks;
   b. 3308 key fobs bearing Nissan marks;
   c. 4461 key fobs bearing General Motors marks;
   d. 1143 key fobs bearing Stellantis marks;
   e. 539 key fobs bearing Toyota marks;
   f. 1 bag of emblems bearing Stellantis marks;
   g. 1 bag of emblems bearing Honda and Stellantis marks;
   h. 1 bag of emblems bearing Ford marks; and
   i. forty-nine 49 key blades bearing General Motors marks.

8. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the

requirements of Federal Rule of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

9. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

10. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and

complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify on his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is

fully satisfied with the representations provided by his attorney.

13.     This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10-20-2022   By: _____ (for)
JUSTIN L. HOOVER
ASSISTANT UNITED STATES ATTORNEY

Date: 10-20-2022   By: _____
ROBERT PASCH
ATTORNEY FOR DEFENDANT

Date: 10-20-2022   By: _____
JOSHUA YOUNG
DEFENDANT

6