UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22- CR-14034-AMC

UNITED STATES OF AMERICA

v.

JOSHUA WILLIAM YOUNG,

Defendant.
_____/

## REQUEST FOR AN ALTERNATIVE SENTENCE/VARIANCE

The Defendant, JOSHUA WILLIAM YOUNG, by and through his undersigned counsel, and pursuant to U.S.S.G. § 6A1.2-3, p.s., Fed. R. Crim. P. 32 (d), (e)(2) and (f), and the Fifth and Sixth Amendments to the *United States Constitution*, respectfully files his Request for an Alternative Sentence, and as grounds thereof, states as follows:

### I. INTRODUCTION:

Joshua William Young has pled guilty to one count of Trafficking in Counterfeit Goods, 18 USC § 2320(a)(1) and sentencing is pending. His acceptance of responsibility, cooperation, and profound remorse in this case were immediate, and he signed both a written Plea Agreement and Factual Proffer.

Joshua William Young is 45 years old, and currently lives in Jensen Beach with his wife and three children. He has no prior criminal history.

1

Pursuant to *U.S. v. Booker,* 543 U.S. 220 (2005), the federal sentencing process has adopted a three step approach. (See Fed. R. Crim. P. 11(M), amended December 1, 2007, *U.S. v. Pugh*, 515 F. 3d 1179 (11th Cir. 2008) and Amendment 741 of the Sentencing Guidelines, effective November 1, 2010. There are no disputed guideline issues in all parties agree that the base offense level is 8, with a 6 level increase, pursuant to 2B5.3(b)(1)(B) and 2B1(b)(1)(D), for a total base offense level of 14 The Defendant has also received a 2-level reduction for a timely acceptance of responsibility, for a final base offense level of 12.

Second, the Court is to consider if there are any factors that may warrant and departure from the *advisory* guideline range. The Government has not filed a substantial assistance motion on behalf of Joshua William Young, however, the Defendant would like the Court to take into account the fact that the Defendant did willingly agree to cooperate with the Government and was debriefed during the pendency of this case. Additional information as it relates to this matter can be provided to this Honorable Court at the time of sentencing.

Lastly, the Court is to consider all of the sentencing factors of 18 USC § 3553(a) and impose a sentence which is *reasonable and not greater than necessary* to achieve the sentencing objective set forth in 18 USC § 3553(a). Again, consistent with the written Plea Agreement, " if the Government files a motion for sentence reduction pursuant to § 5K.1.1, or pursuant to Fed. R. Crim. P. 35, then each party

can ask the Court to impose any reasonable sentence, based upon the factors contained in 18 USC § 3553(a)." The Defendant is aware that the Government did not file a 5K1.1 letter in this case but the Defendant believes there are factors worthy of this Court's consideration.

## II. SENTENCING SUBMISSION AND REQUEST FOR ALTERNATIVE SENTENCE:

Joshua William Young has pled guilty to Trafficking in Counterfeit Goods, in violation of 18 USC § 2320(a)(1). The total offense level is 12, the *advisory* guideline range is 10 to 16 months. The parties will jointly recommend a low-end sentence.

**Nature and Circumstances of Offense**:

1. **Factual Proffer**: Both the written Plea Agreement and Factual Proffer in this case were signed by the parties on October 20, 2022. Joshua William Young agrees with all the information contained in these filings and no objections have been made.

2. **Speedy Resolution of Criminal Liability**: Joshua William Young's acceptance of responsibility for his involvement in this case, his cooperation with the Government, and his profound remorse were all immediate. At the inception of the government's investigation (prior to arrest or indictment), Mr. Young was cooperative. He allowed the agents access to his property without issue. He spoke with the agents. Upon seizure of the items in question by law enforcement, Mr.

Young did not challenge, via litigation, the forfeiture of the seized items. After Mr. Young was arrested and indicted, Mr. Young swiftly agreed to sign both a written Plea Agreement and Factual Proffer and has pled guilty.  Joshua William Young has done all he can to quickly resolve his criminal case and save the government unnecessary time and resources. In addition, as it relates to the civil forfeiture of the seized items, Mr. Young has agreed to full.  Consequently, there is no restitution at issue and no restitution is deemed due or owed.

**History and Characteristics of Defendant**:

1.      **Joshua William Young's Personal and Family History**: Joshua William Young is a 45-year-old who has lived with his wife and kids in Florida since 2016. He has spent most of his life in Pennsylvania.  He has absolutely no prior criminal history.

Joshua William Young was born and raised in lower-middle socioeconomic conditions in Erie, Pennsylvania. During those years, Joshua was raised by his parents. His father was an alcoholic and was verbally abusive, but never physically abusive. Despite his father being an alcoholic, his childhood was normal. Joshua graduated from High School and later joined the Army. However, he was injured in boot camp and was medically discharged. This was an unfortunate injury that kept Joshua from pursuing his lifetime dream of being in the Army for life.  Joshua later married Amy Young and they have had three kids, the current ages are 19, 12 and

4

10. All three kids live at home and are both financially and emotionally dependent on their father.

After Joshua was medically discharged from the Army, he was continuously employed until he opened his own business, SFfobs Inc., in 2016.

Furthermore, Joshua has a physical health condition that this Court can take into consideration when determining a fair and just sentence in this case. Joshua has been diagnosed with vertigo which flares up in times of stress, such as his involvement in this case. Joshua is currently experiencing symptoms of vertigo in the form or dizziness and nausea. The Sentencing guidelines, 5H1.4, allows the Court to take into consideration the Defendant's physical condition in determining if a downward departure is warranted.

2. **Joshua William Young's Extraordinary Family Ties and Responsibilities**: Joshua's business, SFfobs Inc., is a family run business that employs his wife, father-in-law, mother-in-law and one nonrelated family member. However, Joshua is the main source of deriving income for the business. He is solely in charge of all the purchasing and ordering for this business. This family run business is the sole financial support for the family and his absence would cause great harm to the business and family if he were absent from the business for any length of time.

Effective October 27, 2003, the Sentencing Commission amended § 5H1.6 to limit the availability of departures for family ties and responsibilities. The new application note, § 5H1.6, comment. (n.1(A)(i)-(iii), instructs the court to consider the seriousness of the offense, the defendant's involvement in that offense, and the members of the defendant's family. Further, comment. (n.1(B)(i)-(iv) requires the court to consider if "the defendant's service of a sentence within the guideline range will cause a substantial loss of essential care-taking or essential financial support to his family," that "the loss of care-taking or financial support exceeds the harm ordinarily incident to incarceration for a similarly situated defendant," that "the loss of care-taking or financial support is one in which no effective remedial or ameliorative programs reasonably are available," and that "the departure will effectively address the loss of care-taking or financial support. Notwithstanding this pre-Booker amendment, Joshua asks this Court to consider his family ties and responsibilities as a § 3553 sentencing factor, again consistent with the terms of the written Plea Agreement.

Courts have addressed the issue of incarcerating parents of very young children and much has been written on the subject.

- "Children with fathers who have been incarcerated are significantly more likely than other children to be expelled or suspended from school (23% compared to 4%). Pew Charitable Trusts Report "Collateral Costs: Incarceration's Effect on

6

Economic Mobility" (2010) at page 5. "Incarceration also creates economic aftershocks for these children and their families disrupted, destabilized, and deprived of a wage-earner, families with an incarcerated parent are likely to experience a decline in household income as well as an increase likely of poverty. The struggle to maintain ties with a family member confined in an often-distant prison creates additional financial hardship for already fragile families left behind." Id. At page 18.

- "Parental incarceration contributes to higher rates of delinquency, mental illness, and drug abuse, and reduces level of school success and later employment among children." Unlocking America, Why and How to Reduce America's Prison Population (JFA Institute, November 2007) at page 32.

Courts have responded.

- *U.S. v.* Hammond, 37 F. Supp. 2d 204 (E.D.N.Y. 1999), "a sentence without a downward departure would contribute to the needless suffering of young, innocent children."

- *U.S. v. DeRoover*, 36 F. Supp. 2d 531, 532-33 (E.D.N.Y. 1999), "the unique dependence of children on a defendant is a basis for a downward departure."

- *U.S. v. Chambers,* 885 F. Supp. 12, 14 (D.D.C. 1995), "causing needless suffering of young innocent children does not promote the ends of justice."

- *U.S. v. Johnson*, 964 F. 2d 124, 128-130 (2d Cir. 1992), "we are reluctant to wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing."

Again, Joshua has two minor children and one adult child who need the support, both financially and emotionally of their father. Joshua's extraordinary family responsibilities is worthy of consideration when fashioning a sentence consistent with the agreement between the parties.

**Latest Sentencing Statistics**: The United States Sentencing Commission's "Sourcebook" of Federal Sentencing Statistics for fiscal year 2017 provides statistics for 66,873 cases sentenced that year. Specifically, as to 2,282 cases sentenced in the Southern District of Florida last year, 42.9% received sentences below the *advisory* guideline range: 8.7% because of substantial assistance motions and 29.7% almost four times the number of Government sponsored motions, because of the sentencing factors of 18 USC § 3553. Nationally, the nature and circumstances of the offense and/or history and characteristics of the defendant were cited as reasons for downward variance in 6,930 cases. Indeed, district courts continue to exercise discretion, post-*Booker*, and impose sentences below *advisory* guideline range.

In the case at bar, Joshua Young is requesting that this Honorable Court impose a sentence of Home Confinement in lieu of incarceration. Pursuant to §5F1.2 of the Federal Sentencing Guideline manual, this Honorable Court can impose a

sentence of Home Confinement/Detention as a condition of either probation or supervised release. Undersigned is requesting this Court grant Mr. Young a variance and sentence him to either a term of probation with the added condition of a term of Home Detention, or a sentence of time served, to be followed by a term of Supervised Release, with the special condition of Home Detention.

**Conclusion**: Based upon the facts and factors set forth in this filing, Joshua William Young respectfully requests this Honorable Court to impose a sentence below the *advisory* guideline range.

Joshua William Young and counsel thank this Court for considering our Request for an Alternative Sentence. Counsel will have further remarks at the time of sentencing.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
Robert Pasch
1806 Old Okeechobee Rd, Suite B
West Palm Beach, FL 33405
Telephone: (561) 599-7400
Email:  Robert@paschlaw.com

*/s/ Robert Pasch*
Robert Pasch, Esq., FL Bar No. 0188360